IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RENEE O. ATKINSON-BUSH
      Plaintiff
:
:
v.                                                         Civil Case No. L-10-2350
:
BALTIMORE WASHINGTON MEDICAL
CENTER, INC.                      :
:
      Defendants                 :
o0o

## **MEMORANDUM**

Now pending are the Motion of the Defendant, Baltimore Washington Medical Center, Inc. ("BWMC") to Dismiss the Complaint (Docket No. 4) and the Motion of the Plaintiff, Renee Atkinson-Bush, for Leave to File an Amended Complaint (Docket No. 16). On May 24, 2011, the Court held a hearing on the Motions. Both parties, through counsel, presented oral argument. For the reasons stated herein, the Court will, by separate Order of even date, GRANT BWMC's Motion to Dismiss and DENY Atkinson-Bush's Motion for Leave to Amend.

### I.    BACKGROUND

This proposed class action arises under the Americans with Disabilities Act ("ADA"), the Health Insurance Portability and Accountability Act ("HIPAA"), the Maryland Confidentiality of Medical Records Act, and Maryland statutory and common law. Atkinson-Bush contends that BWMC, which employed her as a patient care technician, improperly subjected her to a return-to-work medical exam following disability leave, failed to make reasonable accommodations in the workplace, constructively terminated her, and violated the confidentiality of her medical

1

records. She brings suit on her own behalf and on behalf of others similarly situated.[1] BWMC now moves to dismiss, arguing that Atkinson-Bush has failed to state a claim and failed to exhaust her administrative remedies.

## II.    LEGAL STANDARD

In considering a Rule 12(b)(1) motion to dismiss in which the defendant challenges the veracity of the plaintiff's jurisdictional allegations, the Court may look beyond the Complaint and determine if there are facts to support those allegations. See Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). The trial court may consider "evidence by affidavit, depositions or live testimony without converting the proceeding to one for summary judgment." Id.; see Star Scientific Inc. v. R.J. Reynolds Tobacco Co., 174 F. Supp. 2d 388, 392 (D. Md. 2001). "[N]o presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." Mortensen v. First Federal Savings & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977); see Adams, 697 F.2d at 1219 ("[T]he court in a 12(b)(1) hearing weighs the evidence to determine its jurisdiction."). The plaintiff bears the burden of proving that subject matter jurisdiction exists. See Adams, 697 F.2d at 1219.

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a plaintiff must plead plausible, not merely conceivable, facts in support of his claim. See Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007). The complaint must state "more than labels

---

[1] At oral argument, Atkinson-Bush's counsel submitted that, because the offending policies were codified in BWMC's employee handbook, the class as contemplated by the proposed Amended Complaint (discussed *infra*) would include all current and former employees of BWMC. Such a class would clearly be impermissible. Even assuming that all allegations in the Complaint could be proved, the vast majority of BWMC employees would have suffered no identifiable injury. In fact, Atkinson-Bush's counsel conceded that he had been able to identify only one other individual who might serve as an individual plaintiff.

2

and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1965. The Court must, however, "assume the veracity [of well-pleaded factual allegations] and then determine whether they plausibly give rise to an entitlement of relief." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009).

### III. ANALYSIS

#### a. Americans With Disabilities Act and Analogous State Law Claims

Counts I, II, III, IV, and VII of the Complaint allege violations of the ADA and its Maryland state-law analogue. A plaintiff bringing suit under Title VII and the ADA must first timely file a charge of discrimination with the EEOC or a state fair employment practices agency. Jones v. Calvert Group, Ltd., 551 F.3d 297, 300 (4th Cir. 2009) (citing 42 U.S.C.A. § 2000e-5(f)(1)). Failure by the plaintiff to exhaust administrative remedies deprives the Court of subject matter jurisdiction over the claim. Id. Failure to timely comply with the provisions of Title VII, however, does not act as a jurisdictional bar, and leaves open the possibility that untimeliness may be excused under principles of equitable tolling. See Irwin v. Dep't of Veterans Affairs, 498 U.S. 89 (1990).

The Complaint states that "on or about March 12, 2010, Plaintiff filed a charge of discrimination against Defendant with the Maryland Commission on Human Relations ("MCHR"), who dual filed the charge with the [EEOC]." Compl. 12. BWMC has submitted a sworn affidavit from the Intake Unit Supervisor at the MCHR stating that Atkinson-Bush did not, in fact, file any such charge. Def.'s Mt. to Dismiss Ex. 1, Docket No. 4-2. The affidavit explains that Atkinson-Bush merely filled out an online questionnaire, which the website explains does not constitute the filing of a charge. Id. A MCHR representative contacted

Atkinson-Bush by phone to discuss the procedure for filing a charge, and invited her to meet with an investigator. Id. The affidavit states that Atkinson-Bush declined and informed the representative that she did not wish to complete the charge process. Id.[2] BWMC has also submitted a letter dated March 24, 2010, sent by the MCHR to Atkinson-Bush, confirming that she no longer wished to pursue the matter and informing her that the MCHR would take no further action. Def.'s Mt. to Dismiss Ex. 5, Docket No. 4-5.

Atkinson-Bush does not argue that she filed a formal charge of discrimination, as that term is normally understood in the context of employment discrimination cases. Rather, she contends that the online questionnaire she filled out on the MCHR's website is sufficient to constitute a charge for purposes of exhaustion of administrative remedies, because it gives the MCHR all the information that it needs in order to pursue the case and investigate her allegations. This contention must be rejected. It is clear from the record that the MCHR has well established procedures for filing charges, and that Atkinson-Bush purposely declined to follow them. The MCHR informed her, explicitly and on multiple occasions, of what she must do to file a charge. It also informed her that her decision not to do so meant that it would not pursue her case.

"The filing of an administrative charge is not simply a formality to be rushed through so that an individual can quickly file his subsequent lawsuit. Rather, Congress intended the exhaustion requirement to serve the primary purposes of notice and conciliation." Chacko v. Patuxent Institution, 429 F.3d 505, 510 (4th Cir. 2005). The charge notifies the employer of the alleged discrimination so that it may conduct its own investigation and undertake voluntary

---

[2] Atkinson-Bush's counsel stated at oral argument that his client disputed several of the statements in the affidavit. Nevertheless, despite the passage of more than seven months since the filing of BWMC's Motion to Dismiss and the benefit of a hearing in open court, Atkinson-Bush has failed to submit any evidence whatsoever to contradict BWMC's affidavit and other exhibits.

remediation. Id. It also initiates agency-monitored settlement, the informal process by which claims can be resolved without recourse to the courts. Id. Obviously, neither purpose is served by the online questionnaire completed by Atkinson-Bush. Her decision not to pursue the matter and not to file a formal charge meant that the MCHR and the EEOC would not undertake an investigation, and indeed there is no indication that BWMC was even aware of her allegations until suit was filed in this Court.[3]

In sum, Atkinson-Bush has not filed a charge of discrimination as required under Title VII. As such, this Court lacks subject matter jurisdiction over her ADA claims, and those claims must be dismissed.

### b. HIPAA Claims

Count V of the Complaint alleges violations of the Health Insurance Portability and Accountability Act of 1996. It is well established, however, that no private right of action exists under HIPAA. See, e.g., Acara v. Banks, 470 F.3d 569, 571 (5th Cir. 2006); Miller v. Nichols, 586 F.3d 53, 59–60 (1st Cir. 2009); Webb v. Smart Document Solutions, LLC, 499 F.3d 1078, 1082 (9th Cir. 2007). Atkinson-Bush conceded as much at oral argument, and indeed her proposed Amended Complaint contains no HIPAA claim. Count V of the Complaint must be dismissed.

### c. State Law Claims

Counts IV and VI of Atkinson-Bush's Complaint arise under Maryland state law. Because her federal claims have been dismissed at this early stage of the litigation, and because

---

[3] Atkinson-Bush's counsel asserted at argument that the MCHR is overworked and does not conduct thorough investigations into most of the cases in which charges of discrimination are filed. Even if true, this does not excuse compliance with the carefully crafted administrative procedures that Congress has enacted as prerequisite to a civil action in federal court. Allowing a plaintiff to circumvent these procedures and read the charge requirement out of Title VII would deprive both the MCHR and the EEOC (with whom charges of discrimination are dual filed) of their prerogative to determine which cases are sufficiently meritorious to warrant their intervention.

the parties are not diverse, the Court declines to exercise supplemental jurisdiction over the remaining state-law claims. See 28 U.S.C. § 1367(c)(3).

### d. Motion for Leave to Amend

Atkinson-Bush now moves the Court, more than seven months subsequent to the filing of BWMC's Motion to Dismiss, for leave to amend her Complaint. Docket No. 16. The proposed Amended Complaint would add claims under the Family Medical Leave Act ("FMLA") and the Rehabilitation Act, as well as additional state-law claims. It would also add a new Plaintiff, Joseph Aiello. Unlike Atkinson-Bush, Aiello was not forced to undergo a return-to-work medical examination, nor is there an allegation that his medical records were improperly shared. Rather, Aiello's claims all appear to arise under the FMLA. See Pl.'s Mot. for Leave to Amend Ex. 1, at 10–12, Docket No. 16-1.

Rule 15(a) states that leave to amend a pleading is "freely given when justice so requires." Leave to amend may be denied, however, when granting the motion "would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." Laber v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006) (internal quotation marks omitted).

Amendment in this case would be futile for several reasons. First, Aiello's claims appear to suffer from the same jurisdictional defects as Atkinson-Bush's. It was established at oral argument that Aiello, like Atkinson-Bush, completed only an online questionnaire on the MCHR's website and did not file a formal charge of discrimination. The Plaintiffs argue that the deadline for Aiello to file a formal charge has not yet lapsed, and that this Court may exercise jurisdiction for purposes of awarding injunctive relief while an EEOC investigation is pending. The Court would only consider injunctive relief, however, to preserve the status quo if Aiello

were facing termination. Because Aiello's employment with BWMC ended on March 23, 2011, and because the Court would not order reinstatement at this time, there is no basis for the Plaintiffs' request for injunctive relief. If Aiello properly exhausts his administrative remedies, he may then file his own civil action.

Second, the Court would not allow joinder of Aiello's claims to Atkinson-Bush's suit. The two Plaintiffs present almost entirely different allegations, the only area of overlap being receipt of the Employee Handbook containing allegedly unlawful policies. Their claims do not arise "out of the same transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 20(a)(1)(A). Nor would certification of the case as a class action be appropriate. For the same reasons discussed above, the proposed Amended Complaint clearly fails to satisfy the commonality provision of Fed. R. Civ. P. 23(a), which requires that there be "questions of law or fact common to the class." Because Plaintiffs' counsel admitted at argument that Atkinson-Bush and Aiello were the only potential plaintiffs that he could specifically identify, it seems overwhelmingly likely that the case fails to satisfy Rule 23's numerosity requirement as well. Because amendment of the Complaint would be futile, leave to do so must be denied.

## IV. CONCLUSION

For the foregoing reasons, the Court will, by separate Order of even date, GRANT BWMC's Motion to Dismiss (Docket No. 4) and DENY Atkinson-Bush's Motion for Leave to Amend (Docket No. 16).

Dated this 25th day of May, 2011

/s/
_____
Benson Everett Legg
United States District Judge